**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**AZIZ OF THE FAMILY OF JALAL,**

    **Plaintiff,**

    **v.**                            **Case No. 2:18-cv-25**
                                              **Judge George C. Smith**
                                              **Magistrate Judge Chelsey M. Vascura**

**OHIO OFFICE OF CHILD SUPPORT,** *et al.*,

    **Defendants.**

## OPINION AND ORDER

Plaintiff, Aziz of the Family of Jalal, filed this action against Defendants, Franklin County Child Support Enforcement Agency ("FCCSEA") and the Ohio Office of Child Support ("OCS"). When Defendants failed to timely answer or otherwise respond to Plaintiff's Complaint, Plaintiff applied for and obtained an Entry of the Default from the Clerk's office. (ECF Nos. 7, 8, and 9.) Thereafter, Plaintiff filed Motions for Default Judgment (ECF Nos. 10 and 11.) In addition to these Motions, this matter is before this Court for consideration of the Motions to Vacate Entry of Default filed by FCCSEA and OCS (ECF Nos 14 and 15.) For the reasons that follow, Defendants' Motions (ECF Nos. 14 and 15) are **GRANTED**, Plaintiff's Motions (ECF Nos. 10 and 11) are **DENIED,** the Clerk is **DIRECTED** to **VACATE** the Entries of Default (ECF No. 9), and Defendants are **DIRECTED** to file their answer or otherwise respond to Plaintiff's Complaint **WITHIN FOURTEEN DAYS**.

## I.

Plaintiff filed his Complaint on January 9, 2018. Defendants FCCSEA and OSC concede that Plaintiff effected service of process via certified mail on January 12, 2018, and January 16,

2018, respectively.

According to the affidavit of Dolores F. Torriero, Assistant Director of Administrative Counsel for FCCSEA, the agency did not properly process the Complaint and Summons, failing to forward the Complaint and Summons to its counsel, the Franklin County Prosecuting Attorney's Office. Counsel was not made aware of the action until Ms. Torriero forwarded the Entry of Default on February 27, 2018. (Torriero Aff. ¶¶ 1-6, ECF No. 15.) Ms. Torriero represents that "the complaint was not processed in the ordinary and customary practice of the agency." (*Id.* at ¶ 4.) FCCSEA further indicates that Counsel was unaware of the pending action until the Entry of Default was forwarded, at which time a Notice of Appearance was filed. (ECF No. 13.)

In her affidavit, Morgan A. Linne, a Senior Assistant Attorney in the Ohio Attorney General's Office, represents that since December 2017, she has served as the Human Services Unit Supervisor and that in that capacity, she coordinates assignments of cases brought against OCS. (Linne Aff. ¶ 2, ECF No. 14-1.) Ms. Linne further represents that the Summons and Complaint in this action were improperly forwarded to the individual who preceded her and that she first became aware of this action on February 26, 2018, when she received the Entry of Default. (*Id.* at ¶¶ 4-5.) Ms. Linne then assigned this case to attorney Julie Brigner, who has since entered an appearance. (*Id.* at ¶ 5.)

OCS filed its Motion to Vacate on March 15, 2018, and FCCSEA filed its Motion to Vacate on March 16, 2018. (ECF Nos. 14 and 15.) Defendants ask the Court to set aside the Entries of Default and permit them to respond to Plaintiff's Complaint so that they may defend against Plaintiff's claims. Defendants assert that Plaintiff will not suffer prejudice should the

2

Court grant the relief they request because such relief would neither result in any loss of evidence, nor increase the difficulty of discovery. The parties further assert that they have meritorious defenses to Plaintiff's claims given that the cause of action arises from proceedings in a state-court domestic relations case. Defendants explain that this Court lacks authority to review the underlying state-court judgment under the *Rooker-Feldman* doctrine and also that this action is barred by the Eleventh Amendment. Finally, Defendants maintain that their failure to appear and defend is attributable to excusable neglect rather than culpable conduct.

## II.

Federal Rule of Civil Procedure 55 provides that courts "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). In evaluating whether the movant has sufficiently established good cause, the United States Court of Appeals for the Sixth Circuit instructs that courts must "assess 'whether (1) the default was willful, (2) a set-aside would prejudice the plaintiff, and (3) the alleged defense was meritorious.'" *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 838–39 (6th Cir. 2011) (quoting *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 844 (6th Cir.1983)).

Although Rule 55(c) vests trial courts with discretion, this Court recognizes that "judgment by default is a drastic step which should be resorted to only in the most extreme cases." *United Coin Meter Co.*, 705 F.2d at 845. Therefore, "any doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits." *Id*. at 846 (internal quotation marks and citations omitted); *see also Dassault Systemes*, 663 F.3d at 841 (quoting *INVST Fin. Grp., Inc. v. Chem–Nuclear Sys., Inc.*, 815 F.2d 391, 398 (6th Cir. 1987) (noting that in conducting reviews of denials of motions to set aside entries of default, the

Sixth Circuit construes "'all ambiguous or disputed facts in the light most favorable to the defendant,' resolving any doubts in [its] favor" given its "general preference for judgments on the merits").

### III.

Applying the foregoing considerations, the Court finds that good cause exists to set aside the Entries of Default. Significantly, Plaintiff will not be prejudiced should the Court vacate the Entries of Default. *See United Coin Meter Co*., 705 F.2d at 842 (noting that delay alone is sufficient to prove prejudice, and there must be some "future prejudice that will result from reopening the judgment"). Moreover, Defendants have asserted several viable defenses. *See id.* at 845 ("[I]f any defense relied upon states a defense good at law, then a meritorious defense has been advanced."). These factors, therefore, weigh in favor of vacating the Entries of Default.

Consideration of the remaining factor—whether the default was willful—does not persuade the Court that a different outcome is warranted, especially in view of the well-settled policy in favor of deciding cases on their merits. Within the context of considering whether to vacate an entry of default, "[t]o be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir. 1986). The affidavits of Mses. Torriero and Linne demonstrate that neither FCCSEA nor OCS acted with reckless disregard or with intent to thwart judicial proceedings. Rather, FCCSEA's default was attributable to irregularities in the agency's processing of the Complaint and Summons, and OCS's default was attributable to a recent personnel change. The Court therefore finds that this factor likewise weighs in favor of vacating the Entries of Default.

In sum, consideration of the three factors within the context of this action persuades the Court that good cause as contemplated under Rule 55(c) exists to set aside the Entries of Default.

**IV.**

For the reasons set forth above, Defendants' Motions (ECF Nos. 14 and 15) are **GRANTED**, Plaintiff's Motions (ECF Nos. 10 and 11) are **DENIED,** the Clerk is **DIRECTED** to **VACATE** the Entries of Default (ECF No. 9), and Defendants are **DIRECTED** to file their answer or otherwise respond to Plaintiff's Complaint **WITHIN FOURTEEN DAYS**.

**IT IS SO ORDERED**.

 /s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE