# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**AZIZ OF THE FAMILY OF JALAL,**

    **Plaintiff,**

    v.                                   Case No. 2:18-cv-25
                                           JUDGE GEORGE C. SMITH
                                           Magistrate Judge Vascura

**OHIO OFFICE OF CHILD**
**SUPPORT,** *et al.,*

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court upon Defendant Ohio Department of Job and Family Services, Office of Child Support's Motion to Dismiss for lack of subject-matter jurisdiction and for failure to state a claim ("ODJFS's Motion") (Doc. 19). The motion is fully briefed and ripe for disposition. For the following reasons, ODJFS's Motion is **GRANTED**.

### I.    BACKGROUND

Plaintiff Aziz Jalal, an Ohio resident, brings this *pro se* action against Ohio Department of Job and Family Services, Office of Child Support ("ODJFS") and the Franklin County Child Support Enforcement Agency (the "County"). Jalal's complaints appear to stem from Defendants' efforts to collect child support payments pursuant to Title IV-D of the Social Security Act, 42 U.S.C. §§ 651, *et seq.* He alleges, *inter alia*, violations of his constitutional rights arising from his acknowledgement of paternity and the enforcement of his child support obligations and seeks money damages and termination of Defendants' collection case against him.

More specifically, Jalal alleges that Defendants fraudulently forced him to establish legal paternity in order to impose financial and medical obligations upon him and that he was forced to contribute child support to his ex-wife as part of the Title IV-D program. (Doc. 1, Compl. ¶¶ 24, 32). Jalal claims that ODJFS "served a withholding notice on [his] employer who withheld his wages." (*Id.* ¶ 41). He also alleges "[o]peration of law was used to 'freeze and seize' financial accounts" and property. (*Id.* ¶¶ 41, 44, 56). Jalal further alleges that, by operation of law, application of the Title IV-D program resulted in "[w]age garnishment, unemployment compensation intercept, state income tax refund offset, federal income tax refund offset, reporting arrearages to credit bureaus, authority to seize assets of debtor parent held by public or private retirement funds and financial institutions, and federal imprisonment." (*Id.* ¶¶ 47–48). Jalal goes on to allege that, "[p]ursuant to P.L. 98-378, [ODJFS] falsely report[ed] IV-D debt information to credit bureaus for the primary purpose of preventing extension of credit to [him]." (*Id.* ¶ 62). Finally, Jalal alleges that he requested that ODJFS terminate "the current [collection] case," but his request was denied because it did not meet the criteria for closure. (*Id.* ¶ 34).

Jalal asserts 19 counts in his Complaint, alleging that as a result of Title IV-D and other federal statutes, he was subjected to the following:

| Count 1[1] | deprivation of various rights without due process in violation of the Fifth and Fourteenth Amendments of the U.S. Constitution |
| --- | --- |
| Count 2 | violation of his equal protection rights secured under the Fourteenth Amendment of the U.S. Constitution |
| Count 3 | deprivation of his right to be free |
| Count 4 | deprivation of his right to be independent |
| Count 5 | deprivation of rights guaranteed by the U.S. Constitution |

---

[1] Jalal has two separate counts in his Complaint labeled "Count 1," but they both deal with alleged violations of his Fifth and Fourteenth Amendment rights.

| | |
|---|---|
| Count 6–8 and 10 | deprivation of his rights to acquire, possess, protect and defend his property |
| Count 9 | deprivation of his right to enjoy his life |
| Count 11 | deprivation of his right to defend his liberty |
| Count 12 | deprivation of the right to defend his reputation |
| Count 13 | deprivation of his right to pursue safety |
| Count 14 | deprivation of his right to pursue happiness |
| Count 15 | deprivation of his First, Third, Fourth, and Fifth Amendment right to privacy and to be free from unreasonable searches and seizures |
| Count 16 | deprivation of his Fifth Amendment right to be free from self-incrimination |
| Count 17 | intentional infliction of a bill of attainder under IV-D in violation of Article I, section 9, paragraph 3 and the Fifth and Sixth Amendments to the U.S. Constitution |
| Count 18 | deprivation of his right under the Thirteenth Amendment to be free from laboring against his will |
| Count 19 | deprivation of his First Amendment right to freedom of association and to be free from compelled association |

At the end of each Count, Jalal asks this Court to find ODJFS and the County "jointly and severally [liable for] actual general, special compensatory damages in the amount of $5000 each" and requests $5,000 in punitive damages. Additionally, he alleges that federal law "dictates that this court terminate the current IV-D Collection Case # 7095973694." (*Id.* ¶ 5). Similarly, Jalal claims to be "entitled to the immediate termination of the current IV-D collection case" as well as "a full refund of all monies collected." (*Id.* ¶ 109).

ODJFS now seeks to dismiss Jalal's Complaint in its entirety for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), or, in the alternative, for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).

3

As outlined below, the Court will dismiss Jalal's claims for lack of subject-matter jurisdiction, and therefore it need not consider whether Jalal's Complaint contains sufficient allegations to survive a motion under Rule 12(b)(6).

## II. STANDARD FOR DISMISSAL UNDER RULE 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal when the court lacks subject matter jurisdiction. Without subject matter jurisdiction, a federal court lacks authority to hear a case. *Thornton v. Southwest Detroit Hosp.,* 895 F.2d 1131, 1133 (6th Cir. 1990). Motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks. *United States v. Ritchie,* 15 F.3d 592, 598 (6th Cir. 1994). A facial attack under Rule 12(b)(1) "questions merely the sufficiency of the pleading," and the trial court therefore takes the allegations of the complaint as true. *Wayside Church v. Van Buren Cty.*, 847 F.3d 812, 816 (6th Cir. 2017) (quoting *Ohio Nat'l Life Ins. Co. v. United States,* 922 F.2d 320, 325 (6th Cir. 1990)). To survive a facial attack, the complaint must contain a short and plain statement of the grounds for jurisdiction. *Rote v. Zel Custom Mfg. LLC*, 816 F.3d 383, 387 (6th Cir. 2016).

A factual attack is a challenge to the factual existence of subject matter jurisdiction. No presumptive truthfulness applies to the factual allegations. *Glob. Tech., Inc. v. Yubei (XinXiang) Power Steering Sys. Co.*, 807 F.3d 806, 810 (6th Cir. 2015). When examining a factual attack under Rule 12(b)(1), "the court can actually weigh evidence to confirm the existence of the factual predicates for subject-matter jurisdiction." *Glob. Tech., Inc. v. Yubei (XinXiang) Power Steering Sys. Co.*, 807 F.3d 806, 810 (6th Cir. 2015) (quoting *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 440 (6th Cir. 2012)). The plaintiff has the burden of establishing jurisdiction in order to survive the motion to dismiss. *DLX, Inc. v. Kentucky,* 381 F.3d 511, 516 (6th Cir. 2004); *Moir v. Greater Cleveland Regional Transit Auth.,* 895 F.2d 266, 269 (6th Cir. 1990).

## III. DISCUSSION

ODJFS argues that this Court lacks subject-matter jurisdiction over Jalal's claims because (1) Ohio courts have exclusive jurisdiction over child custody and support matters; (2) the Eleventh Amendment bars Jalal's claims against state agencies; and (3) the Rooker-Feldman doctrine precludes this Court from reviewing a state court judgment.

In general, Ohio juvenile courts retain jurisdiction over matters involving child custody and support. *Morgan v. 42 U.S.C. §654(3) Ohio Dep't of Jobs & Family Servs.*, No. 2:17-CV-636, 2018 WL 1116575, at *1 (S.D. Ohio Feb. 27, 2018) (Sargus, C.J.) (citing *Burress v. Hamilton Cty. Office of Child Support & Enforcement*, No. 1:14-cv-391, 2014 WL 2515413, *3 (S.D. Ohio June 4, 2014). "More than a century ago, the United States Supreme Court proclaimed that '[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states and not to the laws of the United States.'" *Burress*, 2014 WL 2515413, at *3 (quoting *In re Burrus*, 136 U.S. 586 (1890)). Thus, under *In re Burrus*, federal courts lack jurisdiction in domestic relations cases in which a complaint contains only conclusory assertions that a plaintiff is entitled to relief because of the state's constitutional violations, where those assertions are "a mere pretense and the suit is actually concerned with domestic relations issues." *Morgan*, 2018 WL 1116575, at *1 (quoting *Danforth v. Celebrezze*, 76 F. App'x 615, 616 (6th Cir. 2002)).

The Court agrees that Jalal's claims, in substance, challenge Defendants' enforcement and collection of his paternity and child support obligations. *See, e.g.*, Compl. ¶ 5 (U.S. Constitution and federal laws "dictate[] that this court terminate the current IV-D Collection Case # 7095973694"), ¶ 32 (Defendants induced Jalal "to establish legal paternity in order to impose[] upon him . . . financial and medical obligations"), ¶¶ 33-34 (complaining of ODJFS's practice of reviewing IV-D orders only every three years and refusal to terminate its collection

case against him), ¶¶ 82–83 (arguing that Defendants were required to inform Jalal of legal consequences arising from establishing paternity), ¶ 109 (Jalal alleges he is "entitled to the immediate termination of the current IV-D collections case, a full refund of all monies collected . . . ."). Accordingly, exclusive jurisdiction for Jalal's claims rest with the state courts of Ohio and Jalal's claims against ODJFS are dismissed for lack of subject-matter jurisdiction. While the Court would be inclined to agree with ODJFS that subject-matter is also lacking on Eleventh Amendment and Rooker-Feldman grounds, it need not consider those grounds today.

Moreover, although the County has not moved to dismiss Jalal's Complaint, ODJFS's arguments regarding exclusive jurisdiction of Ohio's state courts apply with equal force to Jalal's claims against the County (which are also based on enforcement of Jalal's paternity and child support obligations). The Court therefore lacks subject-matter jurisdiction over Jalal's claims against the County as well. As a result, the Court will dismiss Jalal's Complaint in its entirety. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## IV. CONCLUSION

For the foregoing reasons, OJDFS's Motion to Dismiss is **GRANTED**.

The Clerk shall remove Document 19 from the Court's pending motions list and close this case.

**IT IS SO ORDERED.**

                                          */s/ George C. Smith*
                                         **GEORGE C. SMITH, JUDGE**
                                         **UNITED STATES DISTRICT COURT**